**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GRACO CHILDREN'S | ) | |
| PRODUCTS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:13-CV-01183-JEC |
| v. | ) | |
| | ) | |
| KIDS II, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY PLANNING
REPORT AND DISCOVERY PLAN**

1.      **Description of Case:**

(a)      **Describe briefly the nature of this action.**

This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. § 1 *et seq.* Plaintiff Graco Children's Products Inc. ("Graco")

alleges that Defendant Kids II, Inc. ("Kids II") has willfully infringed United

States Patent No. 6,735,796 (the "'796 Patent"), directed to a play pen or play yard.

Kids II denies that it has infringed any valid claim of the '796 Patent, and has filed

counterclaims against Graco seeking declaratory judgments that the '796 Patent is

invalid and not infringed.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Summary:

Graco, a leading provider of juvenile products, has a tradition of innovation. Graco conceived and developed a novel collapsible play pen or play yard that is able to support a bassinet and changing table so that a parent or other caregiver is able to carry out many of the typical baby or child caretaking functions.  Graco obtained patent protection for the numerous inventions in its collapsible play pen or play yard.  More particularly, Graco obtained and owns the '796 Patent entitled "COMBINATION FOLDING PLAY PEN WITH CHANGING TABLE AND BASSINET."  Graco offers for sale and sells a play pen or play yard product in accordance with inventions described and claimed in the '796 Patent.

Kids II offers for sale and sells a collapsible play pen product under the designation "InGenuity Deluxe Washable Play Yard with Dream Centre" (the "Accused Instrumentality") at various retailers, including but not limited to Babies "R" Us.  By making, offering for sale, selling, or importing for sale the Accused Instrumentality, Kids II has infringed and continues to infringe one or more claims of the '796 Patent.  Graco further alleges that, given that Kids II continues to make, offer for sale, sell, or import the Accused Instrumentality after receiving notice of Graco's rights in and to the '796 Patent, Kids II is willfully infringing the '796

Patent.

Kids II has filed an Answer, Affirmative Defenses and Counterclaims.  In its Answer, Kids II denies the salient allegations of Graco's Complaint.  In its Affirmative Defenses, Kids II asserts that it does not infringe the '796 Patent, that the '796 Patent is invalid, that the one or more claims of the '796 Patent are barred by the doctrine of prosecution history estoppel and equitable estoppel, and that Graco is precluded from seeking damages for any alleged infringement prior to providing actual notice of the '796 Patent to Kids II.  In its Counterclaim, Kids II seeks a declaratory judgment that '796 Patent is invalid and not infringed.  Graco seeks injunctive relief and monetary relief, including enhanced damages for willful infringement.

Defendant's Summary:

Kids II is a leading provider of baby products headquartered in Atlanta, Georgia.  In or around December, 2012, Kids II released the Accused Instrumentality, which is offered for sale in various retailers, such as Toys R Us. Approximately four months later, on April 10 , 2013, Graco sued Kids II for patent infringement in this Court.  However, Graco did not serve Kids II with the Complaint until August 8, 2013.  Graco did not contact Kids II to notify it of the alleged infringement prior to the filing of this lawsuit.

On August 29, 2013, Kids II filed its Answer, Affirmative Defenses, and Counterclaims, alleging, *inter alia*, that the '796 Patent is invalid and that the Accused Instrumentality does not infringe any valid claim of the '796 Patent. Kids II further alleges that one or more claims of the '796 Patent are barred by the doctrines of prosecution history estoppel and/or equitable estoppel, and that Graco is precluded from seeking damages for any alleged infringement prior to providing actual notice of the '796 Patent to Kids II.

**(c)    The legal issues to be tried are as follows:**

1.    Whether the '796 Patent is infringed by the Accused Instrumentality;

2.    Whether the '796 Patent is invalid;

3.    If infringement is found and Kids II fails to establish invalidity of the '796 Patent, what is the correct measure of damages;

4.    If infringement is found and Kids II fails to establish invalidity of the '796 Patent, whether Graco is precluded by 35 U.S.C. § 287 from seeking damages for any infringement prior to providing actual notice of the '796 Patent;

5.    Whether Kids II's alleged infringement of the '796 Patent is willful;

6.    Whether one or more claims of the '796 Patent are barred by the doctrines of prosecution history estoppel and/or equitable estoppel;

7.    Whether this is an exceptional case within the meaning of 35 U.S.C. § 285;

8.  Whether Graco is entitled to its attorneys' fees for, *inter alia*, having to assert the '796 Patent against Kids II and having to defend against Kids II's assertion of invalidity of the '796 Patent;

9.  Whether Kids II is entitled to its attorneys' fees for, *inter alia*, having to assert that the '796 Patent is invalid and not infringed, and having to defend against Graco's assertion of infringement of the '796 Patent; and,

10. Whether Kids II should be enjoined from further infringement of the '796 Patent.

The parties state that the foregoing issues to be tried reflect what is known as of the preparation of this Joint Preliminary Planning Report and Discovery Plan.  The parties reserve the right to present any proper issue for trial in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**(d)   The cases listed below (include both style and action number) are:**

**(1)   Pending Related Cases:**  None.

**(2)   Previously Adjudicated Related Cases:**  None.

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):**

_____ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
__X__ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
__X__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
__X__ (8) Multiple use of experts
__X__ (9) Need for discovery outside United States boundaries
__X__ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

For Plaintiff:        Stephen M. Schaetzel
                      Georgia Bar No. 628653
                      MEUNIER CARLIN & CURFMAN, LLC
                      817 West Peachtree Street, N.W.
                      Suite 500
                      Atlanta, Georgia 30308
                      Telephone: (404) 645-7700
                      E-mail: sschaetzel@mcciplaw.com

For Defendant:        Scott P. Amy
                      Georgia Bar No. 141416
                      THOMAS | HORSTEMEYER LLP
                      400 Interstate North Parkway SE
                      Suite 1500
                      Atlanta, Georgia 30339
                      Telephone: (770) 933-9500
                      E-mail: scott.amy@thomashorstemeyer.com

**4.      Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes          __X__ No

**5.      Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

        None known at this time.

(b)     The following persons are improperly joined as parties:

None known at this time.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

None known at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel:* before the close of discovery or within the

extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to FED. R. CIV. P. 26(a)(1)(B).

The parties do not object to serving initial disclosures.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Neither party requests a scheduling conference at this time.  However, the parties have submitted a proposed Scheduling Order attached hereto as Exhibit A.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of**

**the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

The parties understand that this patent case is assigned to track (c), an eight (8) month discovery period.

**Please state below the subjects on which discovery may be needed:**

Graco anticipates that it will need discovery on the following subjects:

    a.  physical inspection of exemplars of the Accused Instrumentality;

    b.  document and testimonial discovery related to the development of, engineering specifications of, and other descriptions of the Accused Instrumentality;

    c.  document and testimonial discovery related to the underlying basis, if any, for Kids II's noninfringement contentions;

    d.  document and testimonial discovery related to the underlying basis, if any, for Kids II's invalidity contentions;

    e.  document and testimonial discovery related to the underlying basis, if any, for Kids II's affirmative defenses and counterclaims;

    f.  document and testimonial discovery related to Kids II's knowledge of the '796 Patent;

    g.  document and testimonial discovery related to the Kids II's actions, motivations, and state of mind in continuing to market the Accused Instrumentality following receipt of notice of Graco's

patent rights;

h.  discovery related to Kids II's financial circumstances relevant to damages, including lost profits and the reasonable royalty factors espoused in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970);

i.  discovery related to Kids II's volume of sales, pricing, profit margin, geographic distribution, and distribution channels, of its Accused Instrumentality;

j.  discovery related to Kids II's financial circumstances relevant to its ability to sustain an adverse judgment of treble damages and attorneys' fees; and

k.  Kids II's organizational structure, including organizational charts and such other documents sufficient to identify persons and entities responsible for the design, development, specifications, sales, and marketing of the Accused Instrumentality.

Kids II anticipates that it will need discovery on the following subjects:

a.  Graco's organizational structure, including organizational charts and such other documents sufficient to identify persons and entities responsible for the design, development, specifications, sales, and marketing of any Graco product that it contends is covered by one or more claims of the '796 Patent;

b.  document and testimonial discovery related to the design, development, specifications, use, sales, and marketing of any Graco product that it contends is covered by one or more claims of the '796 Patent;

c.  physical inspection of exemplars of each Graco product that it contends is covered by one or more claims of the '796 Patent;

d.  document and testimonial discovery related to Graco's acquisition and ownership of the '796 Patent;

e.  document and testimonial discovery related to the conception, development, and reduction to practice of the inventions claimed or disclosed in the '796 Patent;

f.  document and testimonial discovery related to the prosecution of the applications that ultimately issued as the '796 Patent, as well as any related domestic or foreign patent applications;

g.  document and testimonial discovery related to Graco's pre-filing investigation prior to bringing the instant lawsuit against Kids II, including but not limited to, Graco's first knowledge of the Accused Instrumentality;

h.  document and testimonial discovery related to the underlying basis, if any, for Graco's infringement contentions;

i.  document and testimonial discovery related to the underlying basis, if any, for Graco's response to Kids II's invalidity contentions;

j.  discovery related to Graco's patent marking policies and practices for any Graco product that it contends is covered by one or more claims of the '796 Patent;

k.  document and testimonial discovery related to Graco's licensing and enforcement efforts for the '796 Patent, as well as any other patents related to children's products;

l.  document and testimonial discovery related to the underlying basis, if any, for Graco's claim for damages; and

m. documents and testimonial discovery related to the underlying basis, if any, for Graco's claim for injunctive relief.

The parties reserve the right to pursue discovery of other issues as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused on particular issues, please state those reasons in detail below:**

The parties will endeavor to complete discovery in the allotted time, but acknowledge that discovery in patent cases can require additional time beyond that allowed by the assigned discovery track. Should that be necessary, the parties will approach the Court prior to the expiration of the track by proper and timely motion.

**11.  Discovery Limitation:**

**(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

Subject to approval by the Court, the parties agree and stipulate that the following changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure and/or Local Rules of the Northern District of Georgia:

    i.    Each party will be permitted to take no more than twelve (12) fact depositions (which shall be inclusive of depositions pursuant to Federal Rule of Civil Procedure 30 (b)(6), but exclusive of expert depositions). The parties state that while they presently believe this limitation to be appropriate, they agree to cooperate reasonably should additional depositions be deemed necessary by either party. In the event the parties are unable to agree, the parties reserve the right to seek leave to take additional depositions.

    ii.    Each party will be limited to no more than fifty (50) requests for admission pursuant to Federal Rule of Civil Procedure 36.

    iii.    Each party will be limited to not more than one hundred (100) requests for production of documents and things pursuant to

Federal Rule of Civil Procedure 34.

iv.   Each party will employ no more than four (4) testifying experts in any trial of this action.

**(b)   Is any party seeking discovery of electronically stored information?**

      __X__   Yes          _____   No

**If "yes,"**

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

To the extent that the parties have not already done so prior to entry of this Order, the parties shall, within ten (10) days of entry of this Order, disseminate an internal management directive to all employees and other personnel under their supervision and control that are reasonably likely to be custodians of documents, electronic evidence, or other similar materials that may be relevant to this litigation, and direct such employees and personnel to preserve such materials for discovery and evidence at trial in this matter. With respect to paper documents and electronic evidence resident on active electronic storage media, the management directive shall specifically direct such employees and personnel to preserve such material from destruction or deletion.  In that regard, the parties' routine document retention and destruction policies are to be suspended for the duration of this litigation with respect to materials relevant to this litigation.

Counsel for the parties have discussed whether and to what extent inaccessible electronic storage media (e.g., "disaster recovery back-up tapes") should be sequestered and preserved for purposes of this litigation. The parties agree that they will propound discovery requests directed to information stored on inaccessible media only upon a showing of good cause.  In conjunction with any such discovery requests, the parties will then address whether and to what extent the costs associated with responding to

13

requests for production directed to inaccessible electronic storage media shall be shifted, in whole or in part, to the requesting party. The parties may memorialize any such agreement in the form of a consent order that shall govern further proceedings in this case. The parties shall present any dispute over inaccessible electronic storage media by way of a motion at the time such dispute arises or an appropriate time thereafter; but only after the parties have met and conferred in a good faith effort to resolve such dispute.

With respect to requests for production under Rule 34 of the Federal Rules of Civil Procedure, if back-up or archival electronic media (media within the meaning of Rule 26(b)(2)(B)) is sought, such request will be made explicitly rather than assuming that such request is encompassed within the meaning of the word "document" or otherwise, regardless of how the term "document" is defined in any party's Rule 34 Requests.

The parties agree to cooperate reasonably to identify relevant search terms and identify potential date limitations for electronic discovery.

With respect to the production of email, general requests for production under Rule 34 of the Federal Rules of Civil Procedure shall not include email or other forms of electronic correspondence (collectively, "email"). To obtain email, the parties must propound specific email production requests as set forth below:

- Email production requests shall only be propounded on specific issues, rather than general discovery of a product or business.

- Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, prior art, the accused products, and the relevant finances.

- Each email production request shall identify the custodian, search terms, and time frame. The parties agree to cooperate to identify the proper custodians, proper search terms, and proper time frame.

14

- Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties my jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of the specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to be the parties or granted by the Court, the requesting party shall bear all reasonable costs caused by such additional discovery.

- Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of the specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or a retailer's name are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.

- Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court, the requesting party shall bear all reasonable costs caused by such additional discovery.

- Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product ESI is not a waiver in the pending case or in any other federal or state proceeding.

**(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format**

15

**(TIFF or .TIF files), Portable Document Format (PDF), or native), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to address whether it is preferable to produce documents in hard copy or scanned images.  Further, the parties agree to cooperate reasonably and to consult regarding their respective litigation support systems (i.e., Summation, Ipro, Concordance, etc.) and further agree to cooperate reasonably to produce document images in a form that is compatible with the opponent's system where possible.

- The parties agree to produce electronically stored information, to the extent possible, in single page TIFF format with load files.

In the absence of agreement on any issue regarding the discovery of electronically stored information, the parties shall request a conference by appropriate motion made after a good faith meet and confer with the opponent.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

**CONFIDENTIALITY ORDER**: The parties are in the process of preparing a consent confidentiality protective order in according with Local Rule 2.2.

**13.    Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on September 11, 2013. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff:  Lead counsel (signature):  Stephen M. Schaetzel

       Other participants:  Walter Hill Levie, III

For defendant: Lead counsel (signature):  Scott P. Amy

       Other participants: None.

**(b)**    **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(\_\_\_\_) A possibility of settlement before discovery.
(\_\_X\_\_) A possibility of settlement after discovery.
(\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.
(\_\_\_\_) No possibility of settlement.

**(c)**    **Counsel (\_\_X\_) do or (\_\_\_\_\_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)**    **The following specific problems have created a hindrance to settlement of this case:**  None to report at this time.

**14.**    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_\_ day _____, of 20\_\_\_.

(b)    The parties (\_\_X\_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 30th day of September, 2013.

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel
Georgia State Bar No. 628653
*sschaetzel@mcciplaw.com*
Gregory J. Carlin
Georgia State Bar No. 455865
*gcarlin@mcciplaw.com*
Walter Hill Levie, III
Georgia State Bar No. 415569
*tlevie@mcciplaw.com*
David S. Moreland
Georgia State Bar No. 521998
*dmoreland@mcciplaw.com*
Anthony B. Askew
Georgia State Bar No. 025300
*taskew@mcciplaw.com*
MEUNIER CARLIN & CURFMAN, LLC
817 West Peachtree St., Suite 500
Atlanta, Georgia 30308
Telephone:  (404) 645-7700
Facsimile:  (404) 645-7707

*Counsel for Plaintiff Graco Children's Products Inc.*

/s/ Scott P. Amy (*with express permission*)
N. Andrew Crain
Georgia State Bar No. 193081
Scott P. Amy
Georgia State Bar No. 141416
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*scott.amy@thomashorstemeyer.com*
*andrew.crain@thomashorstemeyer.com*

Joseph W. Staley
Georgia State Bar No. 142571
KIDS II, INC.
3333 Piedmont Road NE #1800
Atlanta, Georgia 30305
Telephone: (770) 751-0442
Facsimile: (770) 751-0543
*joe.staley@kidsii.com*

*Counsel for Defendant Kids II, Inc.*

## <u>EXHIBIT A</u>

## <u>[PROPOSED] INITIAL PATENT SCHEDULING ORDER</u>

IT IS HEREBY ORDERED that based on the Local Patent Rules, as modified by agreement of the parties:

(1)    The parties shall serve Initial Disclosures under Fed. R. Civ. P. 26(a) and Local rule 26.1 (A) or (B)(4) by **September 30, 2013**.

(2)    Discovery shall commence on **September 30, 2013.**

(3)    The parties shall move to amend the pleadings or add new parties by **October 30, 2013**;

(4)    The party claiming patent infringement must serve on all parties a Disclosure of Asserted Claims and Infringement Contentions by **October 30, 2013**;

(5)    The party claiming non-infringement and invalidity must serve on all parties a Disclosure of Non-Infringement and Invalidity Contentions by **November 29, 2013**;

(6)    Each party will simultaneously exchange Proposed Claim Terms and Phrases for Construction per LPR 6.1 by **December 30, 2013**;

(7)    The parties shall exchange Preliminary Constructions of claim terms and preliminary identification of evidence per LPR 6.2 by **January 20, 2014**.

(8)    The parties shall file a Joint Claim Construction Statement per LPR 6.3 by **February 10, 2014**.

(9)    Claim Construction Discovery ends per LPR 6.4(a) on **February 25, 2014**.

(10)   Opening Claim Construction Briefs and supporting evidence per LPR 6.5(a) shall be filed by **March 12, 2014**;

(11)   Responsive Claims Construction Briefs and supporting evidence per LPR 6.5(b) shall be filed by **April 1, 2013**;

(12)   The Court will conduct a hearing on the issue of Claim Construction at the Court's convenience per LPR 6.6.

(13)   The parties shall complete fact discovery by **May 30, 2014**, and all interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery. To the extent additional discovery is warranted by the Court's ruling on claim construction, the parties can seek leave of the Court for an additional discovery period.  Further, if at the time the Court issues its claim construction ruling, there are fewer than 30 days left for fact discovery, the parties shall have an additional 45 days in which to take fact discovery after the Court files and serves its claim construction ruling per LPR 6.7;

(14)   Each party shall make its initial expert witness disclosures required by Federal Rule of Civil Procedure 26 on issues for which it bears the burden of proof by the later of: a) **June 30, 2014**, or b) 45 days after the Court issues a ruling on claim construction;

(15)   Each party shall make its expert witness disclosures required by Federal Rule of Civil Procedure 26 on the issues for which the opposing party bears the burden of proof by the later of: a) **July 30, 2014**, or b) 75 days after the Court issues a ruling on claim construction;

(16)   Each party shall make any rebuttal expert witness disclosures permitted by Federal Rule of Civil Procedure 26 by the later of: a) **August 11, 2014**, or b) 85 days after the Court issues a ruling on claim construction;

(17)   The parties shall complete depositions of experts by the later of: a) **September 17, 2014**, or b) 122 days after the Court issues a ruling on claim construction.

(18)   The parties shall advise the court when expert discovery is completed, and the Court will schedule a Post-Discovery Status Conference (approximately 30 days after the completion of expert discovery). The parties shall be prepared to discuss settlement and the possibility of using a method of alternative dispute resolution. The parties are also advised that the court will schedule the following at

this Conference: (1) dates by which dispositive motions should be filed and responded to; (2) dates by which the parties' pre-trial statements should be filed; (3) dates by which motions in limine should be filed and responded to; (4) dates for filing deposition designations and counter designations;(5) dates by which Daubert motions should be filed and responded to; (6) dates on which argument on Daubert motions and motions in limine shall be heard; (7) dates for the final pre-trial conference and preceding conference with the assigned court clerk; and (8) the trial term date and probable date for trial.

IT IS SO ORDERED, this _____ day of _____, 2013.


_____
HONORABLE JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1B and 7.1D of the Northern District of Georgia, that the foregoing JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN complies with the font and point selections approved by the Court in L.R. 5.1B. The foregoing pleading was prepared on a computer using 14-point Times New Roman font.

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel
Georgia State Bar No. 628653
MEUNIER CARLIN & CURFMAN, LLC
817 W. Peachtree Street, N.W.
Suite 500
Atlanta, Georgia 30308
Phone: (404) 645-7700
Fax: (404) 645-7707
E-mail: sschaetzel@mcciplaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GRACO CHILDREN'S )
PRODUCTS INC., )
         )
     Plaintiff, )
         )   Civil Action No. 1:13-CV-01183-JEC
v. )
         )
KIDS II, INC., )
         )
     Defendant. )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 30th day of September, 2013, the foregoing JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: September 30, 2013       /s/ Stephen M. Schaetzel
                             Stephen M. Schaetzel
                             Georgia State Bar No. 628653
                             MEUNIER CARLIN & CURFMAN, LLC
                             817 W. Peachtree Street, N.W.
                             Suite 500
                             Atlanta, Georgia 30308
                             Phone: (404) 645-7700
                             Fax: (404) 645-7707
                             E-mail: sschaetzel@mcciplaw.com