```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
 2                      ATLANTA DIVISION

 3
    GRACO CHILDREN'S PRODUCTS, INC.,     )
 4                                       )
                    Plaintiff,           )
 5                                       )
    -vs-                                 ) Case No. 1:13-CV-1183-TWT
 6                                       )
    KIDS II, INC.,                       ) January 21, 2015
 7                                       ) Atlanta, Georgia
                    Defendant.           ) 10:03 a.m.
 8  _____ )

 9

10              TRANSCRIPT OF THE MOTIONS HEARING
           BEFORE THE HONORABLE THOMAS W. THRASH, JR.,
11                 U.S. DISTRICT COURT JUDGE

12

13  APPEARANCES OF COUNSEL:

14  On behalf of the Plaintiff:    Stephen Schaetzel
                                   Trey Levie
15                                 MEUNIER, CARLIN & CURFMAN

16  On behalf of the Defendant:    Scott Amy
                                   THOMAS HORSTEMEYER
17
    Also present:                  Karen Etheridge
18                                 Sean Beckstrom
                                   Joseph Staley
19                                 Lorna Street

20

21          Proceedings recorded by mechanical stenography
             and computer-aided transcript produced by
22
                   SUSAN C. BAKER, RMR, CRR
23                  2194 U.S. COURTHOUSE
                   75 SPRING STREET, S.W.
24                  ATLANTA, GA  30303
                     (404) 215-1558
25
```

1          (Proceedings held in Atlanta, Georgia, January 21,

2     2015, 10:03 a.m., in open court.)

3          THE COURT:  All right.  This is the case of Graco

4     Children's Products, Inc. versus Kids II, Inc., Case Number

5     13-CV-1183.

6          First let me ask counsel for the parties to identify

7     yourselves for the record and the parties you represent.

8          MR. SCHAETZEL:  Thank you, Your Honor.  Good morning.

9     For the Plaintiff, Steve Schaetzel and Trey Levie to my left

10    with the firm of Meunier, Carlin & Curfman.  To Trey's left is

11    Karen Etheridge who is chief intellectual property counsel at

12    Newell Rubbermaid, and to the table behind us is Sean Beckstrom

13    who is an attorney with Graco.

14         THE COURT:  Good morning, Mr. Schaetzel.

15         MR. AMY:  Good morning, Your Honor.  Scott Amy with

16    Thomas Horstemeyer here on behalf of Kids II.  To my right is

17    Joseph Staley, the vice president of legal for Kids II.  And

18    behind me to my right is Lorna Street, the CFO of Kids II.

19         THE COURT:  Good morning, Mr. Amy.

20         All right.  This is a hearing on the

21    discovery-related motions that have been filed in this case.

22    First, with respect to the Defendant's motion to strike the

23    Plaintiff's motion to compel, I'm going to deny the motion.  A

24    motion to strike is only authorized to be filed with respect to

25    a pleading, and a motion to compel is not a pleading.  So the

1    motion to strike at Docket 55 is denied.

2         With respect to the motion to compel, Mr. Amy, let me

3    hear from you with respect to the response that the motion to

4    compel was untimely and it was filed without adequate

5    compliance with Rule 37's requirement that counsel meet and

6    confer with respect to any discovery dispute before filing a

7    motion to compel.

8         MR. AMY:   Okay.   Thank you, Your Honor.

9         With respect to our contention that the motion was

10   untimely, there are three -- well, I should back up.

11        There are three issues at this point in their motion.

12   The first is a motion to compel Kids II to further respond to

13   Interrogatories Number 9 and 10.   The second issue is whether

14   the parties' agreement to produce e-mail in the case should

15   result in Kids II producing e-mail.   And then the third issue

16   is the production of documents from non-parties Kids II Far

17   East and Thomas Far East.

18        Our motion to strike which you denied but the issue

19   of whether --

20        THE COURT:   Wait a minute.   Wait a minute.

21        MR. AMY:   Pardon me.

22        THE COURT:   I've got this backwards.   It's Graco's

23   motion to compel, and it's your contention that the motion to

24   compel was filed untimely and without adequate meeting and

25   conferring.

1          MR. AMY:  Yes.

2          THE COURT:  Have I got it right now?

3          MR. AMY:  Yes, Your Honor.

4          THE COURT:  Okay.  Then I want to hear from

5     Mr. Schaetzel first.

6          MR. AMY:  Okay.

7          THE COURT:  Sorry about that.  I had it totally

8     backwards.

9          MR. SCHAETZEL:  Thank you, Your Honor.

10         First, as to whether or not the motion is untimely,

11    we submit that it is not untimely because discovery in this

12    case has not expired.  As the Court is aware, there is a unique

13    procedure in patent cases where you have the standard track of

14    discovery of eight months; and if at the conclusion of that

15    eight-month period a Markman order has not yet been entered,

16    once that order is entered there is an additional 45-day

17    period.  And that's discussed at length in the briefs.

18         The motion is not untimely because we have not

19    completed discovery in that that 45-day period has not yet even

20    begun.  So for that reason, the motion is not untimely.  And we

21    would submit that if, in fact, it's their position that the

22    motion is untimely because the expiration of the first

23    discovery period dictates then there are several things that

24    were to have been done that were not done by Kids II.

25         For example, 30 days prior to the close of discovery

1    if they have any opinion of counsel that they are going to rely

2    on they have to produce it.   They have not produced that.   So

3    both parties have acted in accordance with the notion that

4    there is yet discovery to come and that it's -- as a result of

5    that our motion is not untimely.

6              As to the duty to meet and confer, we did fulfill

7    that duty, Your Honor; and we did it in two ways.   First of

8    all, we did it by asking to meet and confer with them during

9    the original time period.   There was a flurry of activity, if

10   you will, in the last month of discovery.   There were many

11   depositions being scheduled.   And some were taken; some were

12   not.   Two of the depositions that were not taken were

13   depositions of Kids II witnesses that Kids II unilaterally

14   decided those depositions could be moved to the 45-day period

15   that was yet to come.

16             In view of that outstanding discovery and in view of

17   what we had learned in those depositions that we had taken as

18   set forth in our motion to compel, things that we thought were

19   not produced, on the next-to-last day of discovery we did send

20   a letter and say we need to talk about these things.   That

21   effort to meet and confer fulfilled our obligation under the

22   rule.

23             When we spoke with Mr. Amy, he said, I'm getting

24   ready for another case, I don't have the opportunity to talk

25   now.   We said, That's fine, we understand that.   And we filed a

1    motion to extend discovery.  And the basis for that motion was

2    additional discovery that we knew had to be done -- for

3    example, these two depositions -- and it would give the parties

4    a chance to address the issues that we had seen at the close of

5    discovery.

6              We subsequently did meet and confer, although Kids II

7    was not available to do so for another month.  We did meet and

8    confer on September the 4th, and as a result of that

9    meet-and-confer and some other work several issues in the

10   motion to compel were resolved leaving the three issues that

11   Mr. Amy mentioned.  But we did meet and confer.  We did so on

12   the 4th of September.  So our position is that we fulfilled our

13   obligation in those two ways.

14             THE COURT:  Mr. Amy?

15             MR. AMY:  Sure.

16             First, Your Honor, with respect to our contention

17   that the motion to compel was untimely, discovery expired on

18   July 31st, 2014.  Now, Mr. Schaetzel is correct that the way

19   the local patent rules in this district are set up that there

20   is a unique situation where the parties typically have

21   somewhere between eight or more months of fact discovery.  But

22   then fact discovery closes assuming the Court hasn't issued a

23   claim construction order, and then it will reopen subsequent to

24   the Court's claim construction order.

25             But under their position, if discovery did not close

1    then essentially a party would be permitted to continue to file

2    discovery motions in this dead period as I'll call it between

3    when the initial fact discovery period closes and the 45-day

4    period for discovery filing claim construction reopens.  And

5    that is not -- my reading of the local rules is that the intent

6    is that discovery will close, that there won't be additional

7    discovery taken during this dead period, there won't be a

8    flurry of motions as we have seen in this case during the dead

9    period.

10            And so Local Rule 37.1 is pretty clear that if you

11    are going to file a motion to compel you need to file that

12    motion before the close of discovery, and even the rule states

13    that that close of discovery is either established by the

14    expiration of the original period or the extended period.  Here

15    two of the three issues in their motion to compel, the issue

16    over the production of e-mail and the issue over the production

17    of documents from non-parties in this case that they contend

18    are related to Kids II, are based on discovery that was served

19    on us in the fall of 2013.  We responded to that discovery with

20    written responses and objections in November of 2013.  We

21    produced our documents in February of 2014.

22            They waited until 18 days after the close of the

23    original fact discovery period to file their motion to compel.

24    Thus, it's our contention that under the local rules,

25    specifically 37.1, that it's untimely.  If they wanted to file

1    a motion on those issues, they should have filed it much

2    earlier in the case and definitely before the close of the

3    original fact discovery period.

4            With respect to our contention that they did not meet

5    and confer, their request to meet and confer came on the

6    morning of the last day of the original discovery period.  I

7    got a letter on the night before, and then they called me the

8    morning of and wanted to meet and confer about a seven-page

9    discovery letter that they had just decided needed to be

10   addressed on the last day of the discovery period.

11           So, once again, if these issues had been brought to

12   our attention earlier, we probably could have resolved them.

13   The motion probably could have been timely.  But they waited

14   until the last day, and then they waited until after the close

15   of the initial period to file the motion.

16           In terms of the timing of the meet-and-confer,

17   Mr. Schaetzel is correct.  I was fully engaged in another case

18   at that point.  In fact, that was the Wonderland case that was

19   previously before this Court that was recently transferred to

20   Judge Ross.  We had expert discovery in that case.  They wanted

21   to essentially meet and confer with hours' notice which I

22   couldn't do.  Then the parties tried to meet and confer over

23   the next several weeks.

24           Their motion was ultimately filed on August 18th.

25   But prior to filing a motion, we never got on the phone.  We

1   never had a meet-and-confer pursuant to the local rules.   In

2   fact, we informed them that it was our position that the

3   parties hadn't met and conferred on the 18th of August.   And in

4   response, they proposed that the parties meet and confer later

5   that week.   At the same time, then they filed their motion that

6   same day.   If we had met and conferred, why would there be a

7   need for us to meet and confer later that week, Your Honor?

8           So it's our position that the motion was both

9   untimely under our interpretation of the local rules and the

10   parties haven't adequately met and conferred.

11           Thank you.

12           THE COURT:   Mr. Schaetzel, it's your motion.   I will

13   give you the last word if you want to say anything else.

14           MR. SCHAETZEL:   Two last points, Your Honor.

15           First, no good deed goes unpunished.   We tried to

16   accommodate Kids II as they were involved in the other matter.

17   When they told us later in the month that they were going to

18   argue that our motion was going to be untimely, we filed

19   promptly so that that would foreclose that argument or at least

20   prevent it from going any further.   But the only reason we

21   didn't file on the 31st was because we were trying to be

22   accommodating.

23           Second of all, it would be unusual to find -- as Kids

24   II admits, once the Court enters a Markman order and discovery

25   reopens we could file a motion to compel.   It is admitted on

1    that day.  It would be unusual to find that our motion is late

2    or untimely when it is still able to be filed at a time in the

3    future.  The fact that we could still file would seem to

4    preclude an argument that it was untimely at least in terms of

5    being late.

6         Thank you, Your Honor.

7         THE COURT:  Well, this apparently poses an issue that

8    hasn't been addressed I assume from both of your presentations

9    to your knowledge by any of the judges of this district, this

10   question of when discovery ends as far as filing a motion to

11   compel is concerned under the local patent rules.  So I'll

12   decide that issue as I think it's best decided.

13        The intent in my opinion of the local rule requiring

14   that a motion to compel be filed no later than the close of

15   discovery is so that the Court can address any outstanding

16   discovery issues in a timely manner and before other crucial

17   deadlines occur such as the deadline for filing a motion for

18   summary judgment or in a patent case the time for issuing a

19   claims construction order.  I think the purpose of that would

20   be defeated if a party could file a motion to compel relating

21   to discovery responses that were served during the initial

22   discovery period if they could file such a motion anytime

23   afterwards, including any reopened discovery following upon the

24   Court's claims construction period.

25        So my position is going to be that any motion to

1  compel relating to discovery that was served or objections to

2  unserved discovery or objections to inadequate responses to

3  discovery has to be filed no later than the day of the initial

4  and any extended discovery period, and that was not done in

5  this case.  Therefore, the motion to compel is untimely.

6          In addition, it's my judgment that the motion should

7  be denied because there was inadequate good-faith effort to

8  meet and confer regarding the discovery disputes.  I've held

9  many times and I again say that the meet-and-confer obligation

10  is not satisfied by one party simply sending a letter to the

11  other side saying your discovery is inadequate and you need to

12  do X, Y, Z to cure the inadequacies of that discovery.  That is

13  not the process that was intended by the Court or the rules

14  committee in adopting the meet-and-confer requirement,

15  particularly when that is done on the last day of discovery as

16  happened here.

17          The meet-and-confer requirement requires a genuine,

18  good-faith, face-to-face or at least telephone-to-telephone

19  conversation among counsel in an effort to avoid these kinds of

20  lengthy, time-consuming, expensive discovery disputes.  And

21  it's simply not adequate to shoot off a letter or an e-mail as

22  I see so often on the last day of discovery and then say, well,

23  we've satisfied our obligation to meet and confer.  So for

24  those reasons, I'm going to deny the motion to compel.

25          And, Mr. Amy, if you will prepare a written order

1   denying the motion on those grounds, get Mr. Schaetzel's

2   approval as to form and submit it to me, I'll sign it.

3           MR. AMY:  Thank you, Your Honor.

4           THE COURT:  All right.  In light of my ruling,

5   Mr. Schaetzel, are you still seeking an extension of time for

6   discovery?

7           MR. SCHAETZEL:  Yes, Your Honor.

8           THE COURT:  Why?

9           MR. SCHAETZEL:  Because there are outstanding

10  discovery to be done.  For example, consistent -- I'm sorry.

11  Consistent with the Court's rulings, in order for us to conduct

12  the second discovery period we have noticed the deposition of a

13  Mr. Poma and a Ms. Neblett.  Mr. Poma used to work for Kids II,

14  although he no longer does.  But he is being represented by

15  Mr. Staley for purposes of this matter.  Ms. Neblett still does

16  work for Kids II.  Those are the depositions that were

17  unilaterally suspended in that last month of discovery by Kids

18  II, and we need to get those depositions done before we move

19  into the next discovery-phase period.

20          And while I appreciate the Court's order and will

21  certainly respect the Court 's order regarding the denial of

22  the motion to compel, that was part of the reason for

23  requesting an extension in the first place.  As set forth in

24  that motion, we were concerned about those depositions and we

25  were concerned about the opportunity to conduct a

1    meet-and-confer in accordance with Mr. Amy's schedule as set

2    forth in the motion.  So that was a consideration of the

3    procedure that we employed to try and resolve the discovery

4    disputes without filing a motion to compel.  So for both of

5    those reasons, we would seek the motion to extend.

6              THE COURT:  What are the names of the two deponents?

7              MR. SCHAETZEL:  Marco Poma.

8              THE COURT:  Marco?

9              MR. SCHAETZEL:  Poma, P-o-m-a.

10             And is it Karen?

11             MR. STALEY:  Karen.

12             MR. SCHAETZEL:  Karen.  I think it's K -- I don't

13   recall how to spell Karen, Your Honor.

14             MR. AMY:  Karen with an A, K-a-r-e-n.

15             MR. SCHAETZEL:  K-a-r-e-n.  Neblett, N-e-b-l-e-t-t.

16   I think I spelled it correctly.

17             MR. AMY:  Correct.

18             THE COURT:  What do you say, Mr. Amy?

19             MR. AMY:  Your Honor, we found ourselves in the same

20   position with their motion for an extension of time.  The

21   extension -- the request for the extension once again came on

22   the very last day of the discovery period.  It didn't come a

23   week in advance.  It didn't come even two weeks in advance.  It

24   came on the very last day of discovery.  And as I have already

25   mentioned, at the time the request was made we were fully

1    engaged in another matter, the Wonderland matter.

2            And so what we did in an effort to address their

3    concern with having additional time to conduct the discovery

4    they needed, including these two depositions, but also

5    balancing our schedule before this Court on another matter was

6    to essentially propose that we wouldn't give them 30 days to

7    take those two depositions during the month of August 2014, but

8    what we would do is we'd consent to a 30-day extension to the

9    45-day period following claim construction.  So really in our

10   view this dispute's more not so much about the relief but the

11   timing of the relief, when they are going to take the discovery

12   that they have requested.

13           As for Ms. Neblett, or as to I should say the

14   contention that these depositions were unilaterally suspended,

15   they were noticed; but if my memory serves me correct, dates

16   were never confirmed for the depositions.  We couldn't make the

17   dates work within the discovery period.  Ms. Neblett will

18   likely be a 30(b)(6) witness on behalf of Kids II.  It's a lot

19   more efficient if you conduct an individual deposition and a

20   30(b)(6) deposition back to back either on the same day or on

21   two days.  The parties have already agreed that 30(b)(6)

22   depositions will be pushed to the 45-day period following the

23   Court's claim construction.  That was an agreement we made when

24   discovery kicked off in June of last year.

25           As for Mr. Poma, Mr. Poma's a non-party to this case.

1    He was an employee of Kids II, but he is no longer an employee.

2    My understanding from Mr. Staley is he does not consent to

3    having his deposition taken outside the normal discovery

4    period.

5         But as I mentioned earlier, it's really about the

6    timing of the relief rather than the relief itself.  It doesn't

7    really make sense for discovery to open for 30 days just to

8    take these two depositions.  We are going to ramp up, we are

9    going to take two depositions and then to have discovery close

10   just to have it reopened after the Court's claim construction.

11   We have already got discovery forthcoming under the Court's

12   local rules under the local patent rules.  It would be a lot

13   more efficient to take these two depositions during that

14   period.  And if they need additional time, our offer still

15   stands.  We will consent to a 30-day extension.

16        Thank you, Your Honor.

17        THE COURT:  Mr. Schaetzel, it's your motion.  If you

18   want to say anything else, I will hear from you.

19        MR. SCHAETZEL:  Your Honor, in Document Number 66-1

20   which is our reply to the motion to extend the discovery

21   period, we attached an e-mail from Mr. Amy to me where he says

22   -- first of all, there were three depositions that were to be

23   taken at the end of that period.  One of them was a Mr. Jackson

24   who is an officer of Kids II, Mr. Poma and Ms. Neblett.  He

25   indicates that due to an unexpected conflict Mr. Jackson is not

1    available for his deposition on Thursday, July 24th.  He next

2    indicates that Ms. Neblett is unavailable for her deposition on

3    July 31 and in the next paragraph that Mr. Poma is unavailable

4    for his deposition on July 29.

5           We did have dates set for those last two depositions.

6    As an accommodation to Mr. Jackson, we did take his deposition

7    outside of the discovery period in view of his schedule.  So we

8    would first submit that there were dates scheduled for these

9    people.  They were noticed within the time period.  But due to

10   counsel's schedule and due to the witness's schedule, they just

11   wanted to move those depositions to the last 45 days.  We would

12   like to get those done.

13          Second of all, I'd like to be certain that we are on

14   the same page in terms of the motion to compel.  And I

15   apologize for going back to that, but I need this

16   clarification.  There were two sets of discovery requests as

17   Mr. Amy just said.  The answers due for the second set of

18   discovery requests which relates to damages, those answers were

19   due on the 31st of July at the very close of the discovery

20   period.  To the extent that those were not responded to, we

21   would submit that the August 18 motion was properly served

22   within the time period that under the local rules provides for

23   an extension beyond the close of discovery in such

24   circumstances where the responses or the answers are due at the

25   very termination of the period.

1          I understand the Court's ruling and certainly will

2     respect it as to the other two issues which are the e-mail and

3     the production of documents from the related Asian entities.

4     There were, however, documents that were due or responses that

5     were due at the very close of discovery; and they would seem to

6     fall outside of the ruling that the Court has already made

7     related to the motion to compel.  And so I would ask for that

8     clarification to be certain that I understand the Court's order

9     as it pertains to those documents.

10          In terms of these two depositions, we would conclude

11     just simply by saying it would -- to our side of the case, Your

12     Honor, the more that can be done now the better rather than

13     trying to cram discovery that was admittedly properly served

14     and sought in the first discovery period into the second

15     discovery period.  So we would submit that getting those done

16     sooner rather than later is to everyone's benefit.

17          THE COURT:  Well, as far as the motion to compel is

18     concerned, Mr. Schaetzel, the motion to compel is denied as to

19     all discovery subject to the motion to compel.

20          With respect to the motion to extend fact discovery,

21     that is granted in part and denied in part.  I'll grant it to

22     the extent that I will extend the time for discovery for an

23     additional 30 days to allow the Plaintiff to schedule and take

24     the depositions of Marco Poma and Karen Neblett, and I'll

25     direct counsel to confer and cooperate in good faith in a

1    reasonable and diligent effort to schedule the depositions

2    within that 30-day period and if you cannot to confer in good

3    faith in an effort to present a consent order that will

4    accommodate whatever time frame is needed to get the

5    depositions taken within a reasonable period of time.

6    Otherwise, I deny the motion to extend discovery.

7            MR. STALEY:  Your Honor, could I add one thing?

8            As representing Marco Poma, he is a non-party to the

9    case and he hasn't been subpoenaed in the matter for his

10   deposition at this time.

11           THE COURT:  Is that really necessary?

12           MR. STALEY:  I don't know if he -- actually, I don't

13   know that he is actually in state anymore.  He is looking for

14   another job, and I think he is traveling actually.  I can

15   certainly do my best to try to get in touch with him, though.

16           THE COURT:  Well, do the best you can.  If he is not

17   willing to come voluntarily, you will have to subpoena him,

18   Mr. Schaetzel.

19           MR. SCHAETZEL:  Understood.

20           MR. STALEY:  Thank you, Your Honor.

21           THE COURT:  Seems to me that a whole lot of effort

22   and expense is being extended in this case that could be

23   avoided if counsel would simply work together and try to

24   resolve problems instead of magnifying them.

25           All right.  Next is the Plaintiff's motion to file

1    under seal exhibits to its memorandum in support of its motion
2    to compel which is Docket Number 54.
3         The law in the 11th Circuit is very clear that court
4    records are presumptively public and that good cause must be
5    shown to file documents under seal and that showing be made
6    that the documents contain genuine trade secrets, confidential
7    personal information and that conclusionary statements as to
8    confidentiality are not adequate to support an order sealing
9    documents.  I don't think adequate showing has been made with
10   respect to the exhibits identified in the motion, so I deny the
11   motion to seal.
12        Next is the Plaintiff's motion to file under seal
13   exhibits to its reply brief which is our Docket Number 69.
14   That motion is denied for the same reason.
15        Next is the Defendant's motion for leave to file a
16   surreply which is Docket Number 74 in response to the
17   Plaintiff's motion to compel.  That motion is denied as moot.
18        Next is the Plaintiff's motion to file under seal its
19   reply brief in Exhibit A to the reply brief, Docket Number 77.
20   That motion is denied for the reasons previously stated.
21        Next is the Plaintiff's motion to file under seal its
22   response to the Defendant's motion for leave to file a
23   surreply, Docket Number 80.  That motion is denied for the
24   reasons previously stated.
25        Next is the Plaintiff's motion to strike the

1    Defendant's second supplemental response to the Plaintiff's

2    second supplemental disclosure of preliminary infringement

3    contentions.  That is not a pleading; therefore, it is not

4    subject to a motion to strike.  So the motion at Docket Number

5    85 is denied.

6           Next is the Defendant Kids II's -- well, that's not

7    next.  I think that's everything.

8           Okay.  I thought I denied the motion for leave to

9    file surreply at Docket Number 68.  If I didn't, I deny that as

10   being moot.

11          And there's a motion for leave to file under seal the

12   surreply at Docket Number 75 by Kids II.  That is denied for

13   the reasons stated for denying the Plaintiff's motion for leave

14   to file under seal.

15          I think that's everything.

16          Thank you very much, gentlemen.  That concludes the

17   hearing.  Court's in recess until further order.

18          (Proceedings adjourned at 10:36 a.m.)

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT:

4    NORTHERN DISTRICT OF GEORGIA:

5

6              I hereby certify that the foregoing pages, 1 through

7    20, are a true and correct copy of the proceedings in the case

8    aforesaid.

9              This the 28th day of January, 2015.

10

11

12

13         _____

14         Susan C. Baker, RMR, CRR
           Official Court Reporter
15         United States District Court

16

17

18

19

20

21

22

23

24

25